District. We proceed Counsel. Good morning and may it please the court Shei Dinata Hansen on behalf of the Toracesis Petitioners This court is reviewing the District Court's order under the Bauman factors I'm going to focus on the third factor which is whether the District Court's order was clearly erroneous as a matter of law. We do acknowledge that under Atlantic Marine a bargain for forum selection clause in an agreement is given controlling weight in all but the most exceptional circumstances. Although we maintain that the warranty in this case was not bargained for in the way contemplated by Atlantic Marine that is its terms were not as a result of arm's-length negotiation but the imposition of an unconscionable adhesion contract on the party with the lessening with the lesser bargaining power. The bigger point here is that this does present exceptional circumstances under the public factor or public policy consideration. Well let me, in the absence of Lathrop would you have an argument? Yes. Clearer argument? Lathrop says there's no prior case addressing this issue in California under these circumstances and so if there's no prior case in the absence of Lathrop how would you be able to make a clearer argument?  I mean I knew at least I must say you can make one but isn't Lathrop the linchpin of your clearer argument? It is now because it. Okay. Just but it doesn't. That gets to my point. Yes. So let me, it is now. You're here on mandamus not on direct appeal. If you're on direct appeal we would and let's assume for a moment that we would follow Lathrop which is a whole separate question. Let's assume that Lathrop states the law in California now. You're here on mandamus. Do we judge whether the judge made a clear error at the time of the ruling or now? Because it seems to me if we do it now we're effectively applying the standards for direct appeal to your mandamus case. Would you address that for me? Sure. I think that even without Lathrop I think Lathrop currently is persuasive on the arguments presented that apply to that. But Lathrop only addressed the stipulation portion of the argument that we're presenting. The prior to Lathrop there was sufficient California law to overcome. Right. But at least one of those cases or none of them involved a stipulation. See so I think the stipulation may be what distinguishes this from the prior cases and then Lathrop says the stipulation doesn't distinguish them anymore. But there's plenty, the district court here said that there was no statute or case law that said Song Beverly, you know, was the anti-waiver clause was important as a public policy, as California public policy. But that's clearly wrong. That clearly is wrong. Because there are plenty of cases that we've cited in the brief that do establish. Right. And I think we're missing each other. I think their argument is, well, that may be the case. But the stipulation took this case outside the purview of those cases because they agreed that all the provisions of California law would apply on transfer. Lathrop says, no, the stipulation doesn't save it. So it seems to me if you were making this argument today to the district court, you'd have a very strong argument. I'm trying to focus on whether or not in the absence of Lathrop, which is the way the district court addressed it, it amounts to clear error because no previous case had said the stipulation doesn't matter. Well, I see what you're getting at. But when we wrote the brief before Lathrop was issued, I think we presented sufficient reasoning. I say you had lots of reasoning. My question is a different one. We're here on mandamus. Let's assume Lathrop never occurred for purposes of our discussion. Is this really a mandamus case in the absence of Lathrop? I would argue it is, yes, Your Honor. Okay. Tell me why. Because the district court was wrong in saying that there was no statute wherein the strong California public policy against the types of clauses that were in the warranty. The district court also said – let me see. I forget what the – I'm going blank as to what the district court said. But I – oh, yes. The district court said that the stipulation would take care of – would guarantee that California law would be applied in the northern district of California. Can you point to the specific precedent that you're relying on that clearly establishes in the absence of Lathrop that it was erroneous for the district court to grant the transfer based on the stipulation? What's the case? Well, there is no case that exactly dealt with the stipulation. That's why there's so much inconsistency in the district court. But isn't that the point? I mean, that's why Lathrop is critical to your argument. The judge is in uncharted territory. There's no California case that deals with the effect of the stipulation. The judge says, well, the stipulation means California law will be applied, so they're not giving up any substantive rights by the transfer and, therefore, I'll grant the transfer in my discretion. And so I have the same question Judge Desai has. I'm not – I want you to get to Lathrop, but I'm just not sure, absent Lathrop, that there's much here to suggest that a judge confronting an unresolved question in California law made mandamusable error in transferring. Well, I – in the absence of Lathrop, I'm just – I'm going to argue that the public policy reasoning that we've presented and that was presented – And that makes sense that you would make that argument because it was an open question. The district court had – Correct. – arguments on both sides. That's the argument you made. But I think the point that the questions that you're hearing from Judge Hurwitz and I are making is that without there being a clear case, which there wasn't at the time, it's not clearly erroneous for the district court to have decided to transfer based on the stipulation. So maybe now we can move to Lathrop because I have questions about whether or not that case applies, whether it changes the analysis with respect to Factor 1. And, you know, these are a lot of questions I'm throwing at you, but why you couldn't re-raise this in a new motion at the district court later? Why would we have to grant your writ of mandamus at this stage? Judge Desai is asking some of the questions I have. For example, why aren't you – instead of being here in the Court of Appeals on mandamus, why aren't you in the district court in South Bend saying transfer was wrong in light of this California case and we ask you to transfer back? Well, it just happened so fast. I don't think that we ever considered that that was an option. There's case law in the Seventh Circuit that says you can ask the transferee court to reconsider the transfer, and there's even case law that says that decision is reviewable by the Court of Appeals. And so that's a remedy you could have pursued. If this doesn't work out, we will do that. I'm not saying you should. I'm just saying isn't one of the factors we look at for mandamus whether there's some other lesser remedy? That's true, but I think it's really very important for this court to decide the issue, to give some guidance to other district courts. Well, if, as you suggest, Lathrop is compelling and persuasive, then no future district court will have to struggle with this issue. It will simply follow Lathrop. So we're really dealing... I understand the problems for your clients, but I'm not sure I understand that this is going to be an issue in the future that people are going to have trouble with. Well, except that it would be very good authority if it came from the Ninth Circuit as opposed to... Well, it would be better authority if you had a California Supreme Court case. But you got something pretty good. You got a California Court of Appeals decision. That's correct. Right, from the second district. So, you know. I argued that case too. But Judge Desai had questions about Lathrop itself, correct? Yeah. Does it apply here? And why wouldn't you just... I mean, now that we don't have a record in which we can really grant the writ because we are deciding whether or not the district court aired with respect to the law at the time that the decision was made. So really my question, I think maybe you've answered already, which is that you haven't thought about it, but perhaps if you don't win here, you'll try to move the district court for reconsideration. Correct. At a later time. But also that I do believe that we had sufficiently made our case previously, even in the absence of Lathrop, based on Atlantic Marine's exception of public policy. Yeah, I understand your argument on that point. Yeah. Did you want me to continue? I was just going to really talk about the similar circumstances in Lathrop and how it aligns with the reasoning, the public policy reasoning that we presented in our brief, and the similar circumstances. But I think what I'm... I'm just going to jump to the conclusion because I think it's really important to pass this out a little bit. The California Supreme Court said in Murillo that Song Beverly is manifestly a remedial measure for the protection of the consumer and should be given a construction calculated to bring its benefits into action. Approving Jayco's stipulation, in this case in enforcing the Foreign Selection Clause, does the opposite. It emasculates Song Beverly's protections by allowing Jayco to continue signing consumers up to warranties that waive their Song Beverly rights. And let me just give you a... paint a picture for you. These warranties are ubiquitous in the industry. Thor and its subsidiaries dominate the market. Jayco, Integra, Airstream, I could name many more. Its competitor, Forest River, uses the same warranty. So what we have is an entire industry that makes a lot of money from doing business here but does not honour California law. And I think you obviously made that argument very effectively in the Lathrop case. But also in this one. So, I mean, I do think it's a very powerful argument that should have prevailed in the absence of Lathrop in terms of showing that the district court erred given how important Song Beverly... cases have said Song Beverly public policy is. I'll reserve the rest of my time. All right, thank you, counsel. Thank you, counsel. May it please the court. Counsel Liam Felsen, off-counsel for the respondent. Jayco, in some ways I feel like you stole my thunder and my arguments already. It seems like what the appellant here is seeking to do is to take Lathrop and apply it here in a de novo review as opposed to... Is there a world in which we could do that? Where we could say Lathrop is either retroactive so now that it is the law and we can consider it? No, this is a writ of mandamus. I mean, the writ of mandamus is a drastic remedy. It is only under extraordinary circumstances such as a usurpation of judicial power. Well, what if the California Supreme Court today adopted Lathrop in full and said it's always been clear that the stipulation should make no difference? Would you...? And it still wouldn't matter because the point here of the drastic and extraordinary remedy of a mandamus is what was the state of the law in March when this was decided? What law did the district court have? Tell me what case says that. In other words, it's the question I asked your friend and it seems intuitive to me, but I was having difficulty finding a case that said subsequent case law isn't relevant to whether the judge was wrong. Do you have one? I don't have one either, Your Honor, but it seems like neither one of us... Well, you stated it as if it were clear. Well, that's my... I'm asking you if there's a case... I mean, that is the understanding. Adopting your statement as if it were in a case, so let's go with that, that it was the law. The Court of Appeals on Lathrop seems to think yes. I mean, it ruled the way it ruled because it adopted this argument. So couldn't we say the same thing, which is really the district court, it was clear then, the district court just got it wrong? Well, let's talk about Lathrop a little bit, right? So, I mean, Lathrop, the important part about Lathrop is even if it were applied retroactively, and I think to your point, would this court even adopt it, right? Lathrop is a state court case, it is Court of Appeals. Lathrop Court, half of Lathrop, talked about how the order by the trial court in that case even got the burden of proof wrong. I'm asking a slightly different question. I'm not asking a question about Lathrop, and I'm happy to hear your argument on that. But what I'm asking is, because Lathrop came out the way Lathrop did, there is an argument that that was the right... as a matter of law at the time in March when the district court decided what it decided, it should have decided exactly as the Lathrop Court later did, because as a matter of law, that was the right result. Yeah, all right, so let's look at what the district court did in its order, right? I mean, the district court went through a reasoned, clear analysis. It relied on federal precedent, right? The district court applied the correct standard, the standard that Lathrop points out. The federal court has a much different standard. It's a higher burden on the plaintiff. The plaintiff has to prove that there's something more in addition to an anti-waiver statute. The court went through this analysis, as stated by this court's decision in Sun... I'm sorry, the Sun v. Advanced China Health Care case... But I think you're mistaking Judge Desai's question. Let's assume for present purposes that under existing law at the time that the judge heard the case, it wasn't clear error. Question is, now that we know that California law is different in the California... at least treating the California Court of Appeals decision as establishing California law, why shouldn't we infer that the judge just... not because he was wrong or stupid or anything, but now that we know that the law is differently, why don't we say, well, now that we know the law, this was clear error? Well, I mean, first of all, again, my understanding is that that would be an aphorism itself. It's a narrow holding under state law, under state contract principles. It asks the one question, will a stipulation save an otherwise unenforceable forum selection clause? And in our case, the order went through a clear reason analysis and found the forum selection clause to be enforceable. Therefore, the stipulation, as the trial court... But I take it their argument is that finding it enforceable in the absence of the stipulation was clear error, given California law. So would you address that? Well, but Lathrop only looks at, does the stipulation save it? It's a different analysis under federal law. I know it's a different analysis. Their argument is, gee, in the absence of the stipulation, granting the transfer here would have been clear error because California law makes clear that this clause is unenforceable. And so... Under those facts, that would be a different case, right? I mean, if... No, I have a question. I mean, so let's assume for a moment there was no stipulation. Okay. Would it have been clear error for the judge to have transferred this case? I think the judge would have had to have gone through a little bit of a different further analysis. So my sense is that it would have been. Now, so it's the stipulation that saves it, right? Definitely, which is why, you know, JACO offers the stipulation, which is to avoid and, you know, and address the public policy issues and all of the other anti-waiver issues. That's the point of the stipulation. And the district court pointed to a host of a vast majority of federal cases. Let's say I'm not impressed by the judge's analysis of the clause in and of by itself. It's the stipulation that makes this, at the time the judge ruled, not an erroneous ruling. And you're saying, well, the judge went, you know, you've got to look at this clause and it's not the same case, but there's lots of California cases that say this clause in the absence of a stipulation is not enforced. But in this case, we had the stipulation. The district court looked at the vast majority. Okay, so that takes us back to where Judge Desai and I were trying to go and I may not have been articulate enough. She's always articulate. Now that we know that the stipulation makes a big difference, why shouldn't we grant the writ of mandamus? Well, I mean, I guess the question then is how big of a difference does the Lathrop decision make, even in California courts, as they're analyzing a stipulation? I became just aware of a case, which I'll file under Rule 28, eight days after Lathrop. There's a case in the Los Angeles Superior Court, it's Felicia Skiffer Brown, where the court specifically analyzed Lathrop, denied a motion to stay, but said, if you take this stipulation and you do what I want with the stipulation, I'm going to grant the motion to stay using that stipulation. So even under Lathrop, it lasted eight days before a Superior Court in Los Angeles said, well, I'm going to grant a motion to stay using a stipulation. So even Lathrop by itself does not do away with it. Superior Court of Los Angeles can't overrule the Court of Appeals. It's also in Los Angeles. Right, and I'm not saying that case is necessarily persuasive on this court any more than Lathrop is, because we're here in federal court. I'm just saying that the power of Lathrop, for us to be able to go back retroactively and say in March of 2024, did the district court act in clear... I feel like the argument you're making right now is worse for your client, which is that Lathrop isn't binding on us, so as a federal court, hearing this case in the first instance, we should decide whether or not it was clear error for the district court to have granted the transfer motion. And now we have the benefit of Lathrop, so maybe it's not binding, but we have this Court of Appeals case that says California public policy is so strong that the stipulation is not enough to allow for the grant of the transfer, and you're inviting us to sort of make a ruling at the circuit level that we adopt the reasoning in Lathrop to find that there was clear error. I don't know how that helps your client. Well, I'm not sure that's what I'm inviting. I'm simply arguing about Lathrop. My argument is that this is a writ of mandamus, and Lathrop essentially doesn't matter. The district court had an open question, relied on federal law in its decision in March of 2024, followed the analysis in SUN, applied the correct legal standard, pointed to the vast majority of federal courts which have applied the stipulation and properly transferred venue, examined Mickelson case that the district court examined, even the jury trial waiver issue, and pointed to Mickelson which similarly enforced the forum selection clause. The district court had an open question, went through the proper analysis, and did everything right in front of it. Didn't the district court have at least recognized the strong California policy against waiver of rights? Oh. And added that into its analysis, it seems to me whether the question of whether this waiver was valid should have been determined applying California law. Because this was a California transaction in California. Signed in California. I'm not sure I The district court did go through the analysis whether public policy versus an anti-waiver in following SUN, which is this court's decision, the Ninth Circuit had rejected and held that the federal policy in favor of enforcement supersedes statutory anti-waiver provisions that enforcement would contravene strong public policy. It says without more. An anti-waiver without more. Well isn't the more California's strong policy? Well, I think that's what they would argue, but the more is, you know, what is the statute of judicial decision? In SUN, they looked at the applicable cases and they weren't exactly on point in the district court. It looked at five federal court cases from California, from the central district, where the district court was sitting, and said those cases actually support enforcement of the forum selection clause. I think this is your best that there is no case on point that would have allowed the district court at the time to know that there was a clear way to go here, that there were, you know, it was an open question. So what's your position on whether or not Lathrop could apply now, not here, but at the district court level? I think it's something that a district court would, if the same issue were presented now to a district court, going through the same motion to transfer that we had made a year ago or whenever that was, the district court would of course have to look at Lathrop. The question for the district court would be does Lathrop apply? Does Lathrop become the something more that they're looking for as opposed to the host of federal cases that the district court has in front of them? Lathrop is the next in line of a small minority of cases under California law that sort of go the other way. And so I think it would be part of the analysis, but I don't know that a district court, even analyzing Lathrop today, would even adopt it or recognize it as something more. I don't think that it would. Let me ask the question we asked your friend. We suggested that maybe she has a remedy in the Northern District of Indiana and went there to go there and say, hey, there's a new case that makes clear that this case shouldn't have been transferred in the first place. So let's assume that... You really don't have a good argument, as close as I can hear, if Lathrop is correctly decided that your case shouldn't have been transferred. Well, actually, we go back to the balance factors, right? Clear legal error is one. No, that's a mandamus issue. It is, but also under balance. I'm just asking, let's assume this goes to the court in the Northern District of Indiana, and she says, look, the judge may have been correct in transferring at the time, but we had known of something new now. We have a case that says it shouldn't have been transferred. What's your best argument that Lathrop doesn't apply? I mean, I understand it doesn't apply in your mandamus argument. I'm just having difficulty figuring out why if Lathrop... If Lathrop had been decided before the district court decided this case, I must say I think they would have a very strong mandamus case. So I'm trying to figure out why you think Lathrop doesn't cover this case. I think it goes back, Your Honor, to my answer to the... Almost the same answer to the previous question, right? Does Lathrop become the something more? Is Lathrop something that a court in Indiana would look at? Almost certainly, right? Does an Indiana court take Lathrop and say, well, that outweighs all of these federal cases? No, I understand there may be lots of reasons why at this stage a transferee court might say, I'm not going to send it back. I'm really trying to ask you this question. If Lathrop had been decided before the judge transferred this case and he transferred it anyway, I think it was a he in this case, wouldn't they have a very strong mandamus case? I mean, I can't really speak to how strong their mandamus case would be. Well, you know what Lathrop says. You know the facts of your case. The fact that you say you can't speak to it suggests to me you can't think of a good distinction. I think the argument that I make would still remain the same, which is that the district court if we operate in a world where Lathrop had already been decided, the district court in searching for something more had a host of federal cases and it had Lathrop. And the district court at that point would have examined Lathrop and I think Lathrop in applying, you know, Lathrop talked about applying the wrong burden of proof which didn't. Lathrop specifically pointed to the higher burden of proof in federal courts. Lathrop specifically included a list of federal cases that go the other way. Lathrop almost went out of its way to point out that this is a state court that doesn't really fit with the federal analysis and I think that the district court would have looked at that and I think that the district court would have gone with the weight of federal opinion. May I ask you a question? It's not directly relevant here, but what state of proceedings is the Indiana case now, this case in Indiana? What's the state? Procedurally? Nothing has happened. There's a stay there. We've all agreed to the stay. Stay pending this mandamus? Correct. Okay. Yeah, so it was filed there and then immediately came back and there's nothing happening. So nobody could file a motion to retransfer given the stay? At the moment, right? So, and even then, I mean going back to our mandamus arguments though, I mean, part of the mandamus arguments is look at the Bauman factors. Part of the Bauman factors is, is there adequate means of relief? Is there prejudice? You know, they've only pointed to a sort of a non-specific delay. You know, they can also litigate in Indiana and appeal afterwards. There is adequate relief out there. You know, the other Bauman factors, and we can refer, I know I've got 15 seconds left, we can refer to the brief on the other remaining Bauman factors. And unless there's any other questions, Your Honor, I will rest. Um, no. Thank you. I think you had some time left. Um, do you have any questions for me after listening to opposing counsel? No? No. I think we thoroughly explored the issues. Okay. In that case, I'm happy to submit. Okay. Thank you very much, counsel. Torres v. Jaco will be submitted. Montoya-Rico v. Garland is submitted. And this session of the court is adjourned for today. Thank you. All rise. This court for this session stands adjourned.
judges: WARDLAW, HURWITZ, DESAI